UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FARRAH GILOT,

                  Plaintiff,

      - against -

CVS,

                  Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-0263 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Farrah Gilot has filed this action pursuant 28 U.S.C. § 1332, alleging that Defendant CVS racially profiled her while she was visiting a store in Texas. (*See* Compl., Dkt. 1 at ECF[1] 2–7.) Plaintiff applied to waive the filing fees by filing an application to proceed *in forma pauperis* ("IFP"). (IFP Mot., Dkt. 2.) For the reasons stated herein, the Court transfers this action to the United States District Court for the Western District of Texas.

**DISCUSSION**

If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see, e.g., Covial v. Francillion*, No. 24-CV-3125, 2024 WL 2722142, at *1 (E.D.N.Y. May 28, 2024). A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated";

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Although the plaintiff provided an address for Defendant in Rhode Island, she asserts that the cause of action arose in San Antonio, Texas. (Compl., Dkt. 1, at ECF 7.) Because no connection to this District is alleged, aside from Plaintiff's residence in this District, the Court finds that transfer of this action to the Western District of Texas is appropriate. *See Weddle v. Skidmore Coll.*, No. 97-CV-5200 (RPP), 1997 WL 473964, at *2 (S.D.N.Y. Aug. 20, 1997) ("Because a substantial part of the events giving rise to the causes of action did not occur in this District and venue is thus improper, and because venue is proper in the Northern District of New York, this case is transferred to United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).").

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Western District of Texas. 28 U.S.C. §§ 1391(b), 1406(a). No summons shall issue from this Court. A decision on plaintiff's request to proceed IFP is reserved for the transferee court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived. This order closes this action in this Court.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: January 27, 2026
      Brooklyn, New York